Jonathan A. Willens, Esq. (JW-9180)
JONATHAN A. WILLENS LLC
217 Broadway, Suite 707
New York, New York 10007
Tel. (212) 619-3749
Fax: (800) 879-7938
jawillens@briefworks.com
*Attorney for the Defendant*
*Republic of Argentina*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

DRALLI LLC, GRAMERCY EMERGING
MARKETS FUND, GRNPARK LLC, KADESI            07 Civ. 4606 (TPG)
LLC, KAPALI LLC, LMC RECOVERY FUND
LLC, LPETE LLC, PALLMALL LLC and
UVIADO LLC,

                    Plaintiff,

          -against-                          **ANSWER**

THE REPUBLIC OF ARGENTINA,

                    Defendant.
--------------------------------------------------------x

          Defendant the Republic of Argentina (the "Republic"), as and for its answer to the

Complaint, dated May 31, 2007 (the "Complaint"), respectfully states as follows:

          1.       The first sentence of Paragraph 1 of the Complaint purports to characterize the

nature of the action brought, and accordingly, no responsive pleading is required.  To the extent

that Paragraph 1 of the Complaint constitutes a conclusion of law, no responsive pleading is

required.  The Republic otherwise lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of Paragraph 1 of the Complaint, except admits that since

December 2001, it has not paid interest or principal on non-nonperforming debt.

          2.       The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 2 of the Complaint.

3.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the Complaint.

9.      The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11.     Paragraph 11 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise admits that it is a foreign state as defined in 28 U.S.C. § 1603(a).

12.     Paragraph 12 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.

13.     Paragraph 13 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.

14.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint, except admits that it entered into a Fiscal Agency Agreement dated October 19, 1994 ("1994 FAA"), and refers to the 1994 FAA for its true and correct contents.  The Republic admits that it issued bonds having ISIN US040114AW01.  To the extent that Paragraph 14 purports to characterize the contents of written documents, which documents speak for themselves, the Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 14 for their true and correct contents.

15.     Paragraph 15 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 15 of the Complaint for its true and correct contents.

16.     The Republic denies the allegations of Paragraph 16 of the Complaint, except admits that since December 2001 it has not paid interest or principal on nonperforming debt.

17.     Paragraph 17 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18.     Paragraph 18 of the Complaint purports to characterize the contents of a written document, which document speaks for itself.  The Republic denies such characterizations inconsistent with the contents of the referenced document and refers to the document cited in Paragraph 18 of the Complaint for its true and correct contents.

19.     The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 19 of the Complaint.  Paragraph 19 of the Complaint

otherwise purports to characterize the contents of written documents, which documents speak for

themselves.  The Republic denies such characterizations inconsistent with the contents of the

referenced documents and refers to the documents cited in Paragraph 19 of the Complaint for

their true and correct contents.

20.     Paragraph 20 of the Complaint purports to characterize the contents of a written

document, which document speaks for itself.  The Republic denies such characterizations

inconsistent with the contents of the referenced document and refers to the document cited in

Paragraph 20 of the Complaint for its true and correct contents.

21.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if

fully set forth here.

22.     The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 22 of the Complaint, except that the Republic admits that it

issued bonds having ISIN US040114AW01.

23.     The Republic lacks knowledge or information sufficient to form a belief as to

plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the

allegations of Paragraph 23, except that the Republic admits that since December 2001 it has not

paid interest or principal on nonperforming debt.

24.     Paragraph 24 of the Complaint constitutes a conclusion of law as to which no

responsive pleading is required.  The Republic otherwise denies the allegations contained in

Paragraph 24 of the Complaint.

25.     The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 25 of the Complaint.  Paragraph 25 of the Complaint

otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 25 of the Complaint for their true and correct contents.

26.     Paragraph 26 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 26 of the Complaint.

27.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

28.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

29.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 29, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

30.     Paragraph 30 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 30 of the Complaint.

31.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31 of the Complaint.  Paragraph 31 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the

referenced documents and refers to the documents cited in Paragraph 31 of the Complaint for their true and correct contents.

32.     Paragraph 32 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 32 of the Complaint.

33.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

34.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

35.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 35, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

36.     Paragraph 36 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 36 of the Complaint.

37.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37 of the Complaint.  Paragraph 37 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 37 of the Complaint for their true and correct contents.

38.     Paragraph 38 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 38 of the Complaint.

39.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

40.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 40 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

41.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 41, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

42.     Paragraph 42 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 42 of the Complaint.

43.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43 of the Complaint.  Paragraph 43 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 43 of the Complaint for their true and correct contents.

44.     Paragraph 44 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in

Paragraph 44 of the Complaint.

45.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

46.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

47.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 47, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

48.     Paragraph 48 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 48 of the Complaint.

49.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 49 of the Complaint.  Paragraph 49 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 49 of the Complaint for their true and correct contents.

50.     Paragraph 50 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 50 of the Complaint.

51.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if

8

fully set forth here.

52.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

53.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 53, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

54.     Paragraph 54 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 54 of the Complaint.

55.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 of the Complaint.  Paragraph 55 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 55 of the Complaint for their true and correct contents.

56.     Paragraph 56 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 56 of the Complaint.

57.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

58.     The Republic lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 58 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

59.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 59, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

60.     Paragraph 60 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 60 of the Complaint.

61.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 of the Complaint.  Paragraph 61 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 61 of the Complaint for their true and correct contents.

62.     Paragraph 62 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 62 of the Complaint.

63.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

64.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

65.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the allegations of Paragraph 65, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

66.     Paragraph 66 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 66 of the Complaint.

67.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 of the Complaint.  Paragraph 67 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 67 of the Complaint for their true and correct contents.

68.     Paragraph 68 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 68 of the Complaint.

69.     The Republic repeats its responses to paragraphs 1 to 20 of the Complaint as if fully set forth here.

70.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 of the Complaint, except that the Republic admits that it issued bonds having ISIN US040114AW01.

71.     The Republic lacks knowledge or information sufficient to form a belief as to plaintiff's alleged ownership of Republic-issued bonds.  The Republic otherwise denies the

allegations of Paragraph 71, except that the Republic admits that since December 2001 it has not paid interest or principal on nonperforming debt.

72.     Paragraph 72 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 72 of the Complaint.

73.     The Republic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 of the Complaint.  Paragraph 73 of the Complaint otherwise purports to characterize the contents of written documents, which documents speak for themselves.  The Republic denies such characterizations inconsistent with the contents of the referenced documents and refers to the documents cited in Paragraph 73 of the Complaint for their true and correct contents.

74.     Paragraph 74 of the Complaint constitutes a conclusion of law as to which no responsive pleading is required.  The Republic otherwise denies the allegations contained in Paragraph 74 of the Complaint.

## First Affirmative Defense

75.     The Complaint fails to state a claim upon which relief may be granted.

## Second Affirmative Defense

76.     Plaintiffs' claims are barred by the act of state doctrine.[1]

---

[1]   The Republic recognizes that the Court has addressed the Second and Fifth Affirmative Defenses listed herein.  See Lightwater Corp. Ltd. v. Republic of Argentina, 02 Civ. 3804 (TPG), 2003 WL 1878420, at *5 (S.D.N.Y. Apr. 14, 2003).  The Republic pleads these Affirmative Defenses here to preserve them for potential appellate review.  In connection with the Sixth Affirmative Defense facts may exist in the present case that were not before the Court in the cases covered by the Lightwater and EM Ltd. v. Argentina, 03 Civ. 2508 (TPG), 2003 WL 22120745, (S.D.N.Y. Sept. 12, 2003) (amended Sept. 16, 2003) Orders.

### Third Affirmative Defense

77.     To the extent plaintiffs are not acting in good faith in commencing and prosecuting this action, they are barred from enforcing any rights they may otherwise have.

### Fourth Affirmative Defense

78.     Plaintiffs' claims are barred by the doctrine of unclean hands.

### Fifth Affirmative Defense

79.     Plaintiffs' claims are barred by the doctrine of abuse of rights.

### Sixth Affirmative Defense

80.     Plaintiffs' claims are barred by N.Y. Judiciary Law Section 489.

### Seventh Affirmative Defense

81.     Plaintiffs lack capacity to sue because they are not holders of bonds within the meaning of the 1994 FAA.

### Eighth Affirmative Defense

82.     Plaintiffs' interest claims, if any, arising before May 31, 2002, are barred in part by the applicable statute of limitations/prescription period.

WHEREFORE, the Republic respectfully requests that the Court enter an order:

(a) dismissing plaintiffs' claims with prejudice;

(b) awarding the Republic costs and disbursements, including reasonable attorneys' fees;

and (c) granting the Republic such other and further relief as the Court may deem just and
proper.

Dated:   New York, New York
         July 30, 2007

                                        JONATHAN A. WILLENS LLC

                                        By: _____
                                              Jonathan A. Willens, Esq. (JW-9180)
                                        217 Broadway, Suite 707
                                        New York, New York 10007
                                        Tel. (212) 619-3749
                                        Fax: (800) 879-7938
                                        jawillens@briefworks.com
                                        *Attorney for the Defendant*
                                        *Republic of Argentina*

To:    Russell W. Jacobs, Esq.
       Hughes Hubbard & Reed LLP
       One Battery Park Plaza
       New York, New York 10004-1482
       *Attorneys for Plaintiffs*